IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA C. WEST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUN TRUST MORTGAGE, SUN TRUST | : | |
| BANK, SUN TRUST AFFILIANTS, SUN | : | |
| TRUST SUBSIDIARIES, FIDELITY TITLE | : | |
| COMPANY, TRACY C. BOGANS, | : | |
| EDWARD KENNER and THOMAS | : | |
| BAKER TITLE SERVICES, P.C. | : | NO. 18-3778 |

### MEMORANDUM

**Savage, J.**                                                                                                                                      November 13, 2018

On August 27, 2018, plaintiff Angela C. West, acting *pro se*, filed this civil action against SunTrust Mortgage, SunTrust Bank, SunTrust Affiliates, SunTrust Subsidiaries, Fidelity Title Company, Tracy C. Bogans, Edward Kenner, Thomas Baker Title Services, P.C., and Judge Guido, raising claims related to property located in Cumberland County, Pennsylvania.[1] She also filed a Motion for Leave to Proceed *In Forma Pauperis*.

On September 26, 2018, after granting West leave to proceed *in forma pauperis*, we dismissed her Complaint. We concluded that: (1) West's allegations did not support a plausible civil conspiracy pursuant to 42 U.S.C. § 1983; (2) her claims against Judge Guido were barred by absolute judicial immunity; (3) the other defendants were not state actors subject to liability under § 1983; (4) claims brought pursuant to criminal statutes were meritless because criminal statutes do not provide a basis for civil liability; (5) her vague and conclusory allegations were insufficient to state a civil RICO claim; (6) she

---

[1] Although Cumberland County is located within the Middle District of Pennsylvania, *see* 28 U.S.C. § 118(b), West asserts that several events related to the property, including the preparation of fraudulent documents, occurred in Delaware and Bucks Counties, located within this district, *see id.* § 118(a).

1

failed to describe how the defendants violated various federal financial statutes; and (7) the district court lacked jurisdiction over any state law tort claims. We granted West leave to file an amended complaint within thirty (30) days.

West has filed two Amended Complaints against SunTrust Mortgage, SunTrust Bank, SunTrust Affiliates, SunTrust Subsidiaries, Fidelity Title Company, Tracy C. Bogans, Edward Kenner, and Thomas Baker Title Services, P.C. For the following reasons, we shall dismiss the Amended Complaints.

## FACTS

In 2006, West purchased a property in Cumberland County, Pennsylvania. The property was "registered and mortgaged only in the name of Angela West."[2] West alleges that between December of 2006 and January of 2007, Tracy Bogans (her husband), Edward Kenner, SunTrust Mortgage and its subsidiaries "solicited and submitted an application for mortgage using" her property.[3] She claims that Bogans and Kenner "fraudulently misrepresented the ownership of 'the property' during the application process."[4] According to West, Bogans "executed two mortgages with SunTrust using 'the property' even though 'the property' was registered in the MERS systems in the sole name of Plaintiff Angela West."[5]

On October 7, 2007, Bogans "suddenly decided to marry Plaintiff Angela West after 20 years of intermittent cohabitation."[6] At that time, West did not know "of ANY transactions regarding 'the property' between Defendant Tracy Bogans, Edward Kenner,

---

[2] Am. Compl. dated Oct. 29, 2018 (Am. Compl. I) at 5.
[3] Id.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 6.

2

SunTrust Mortgage, [its] subsidiaries or [its]l ending personnel."[7] Four years later, West was diagnosed with cancer.[8] Bogans "abandoned family and all property" and "broke off all contact with Plaintiff West and child and never returned to 'the property.'"[9] (*Id.*)

In 2012, West began receiving notices, addressed to Bogans, from SunTrust Mortgage regarding a mortgage on the property. She "made numerous attempts to discuss [the] mortgage issue with SunTrust[, but] SunTrust refused contact stating Plaintiff West was not the mortgagee and was not authorized or listed to discuss [the] mortgage account with [the] lender."[10] She claims that SunTrust attempted to foreclose on the property but discovered that Bogans "did not have ownership nor authority or title to sell [the] mortgage to [the] lender."[11] According to West, the transfer of title to Bogans was incomplete. She also alleges that "Thomas Baker Lawyer Land Title had been disbarred by [the] Supreme Court of Pennsylvania."[12] Apparently, the Thomas Baker Title Company never submitted paperwork regarding the property and was not authorized to issue title insurance between July 19, 2006 and March 30, 2007.

Public dockets reflect that in 2010, SunTrust filed a Praecipe for *Lis Pendens* in Equity against Bogans and West. *SunTrust Mortgage Inc. v. Bogans*, Docket No. 2010-07923 (Cumberland Cty. Common Pleas). In 2011, SunTrust filed a complaint to quiet title. West alleges that during these proceedings, SunTrust and Fidelity Title "tried to back date documents, legitimate documents and insisted a deed had materialized and was signed at closing of 'the property.'"[13] She claims that Bogans "began conspiring with

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 7.
[11] *Id.*
[12] *Id.*
[13] Am. Compl. I at 9.

3

SunTrust and Fidelity Title in order to avoid criminal charges stemming from this transaction which included [b]roker and banking fraud by acting as a buyer and seller initiating a transaction of a property in which ownership did not exist."[14] Bogans "began maliciously providing documents from divorce and support proceedings involving Plaintiff Angela West-Bogans to SunTrust's [c]ounsel."[15]

West claims that during state court proceedings, SunTrust Mortgage and Fidelity Title "began violating PA Rules of Civil Procedure and Federal Rules of Civil Procedure with the assistance of the [t]rial [c]ourt."[16] She requested a change of venue to this Court, which was denied. West claims that she was "barred . . . numerous times from filing motions and petitions without [the] [t]rial [c]ourt [j]udge's approval and [was] humiliated in [17]court proceedings."[18] She filed a cross-claim and counterclaim, which were dismissed. According to West, the trial judge "publicly advised [her that she] should have taken the SunTrust offer of $78,000 and signed the property over to SunTrust and Defendant Bogans."

In 2013, West learned that Bogans had used the property as collateral to obtain a mortgage to renovate a property in Philadelphia. She also learned that he had been involved in another fraudulent transaction with respect to property in Lansdowne. Between 2015 and 2018, West "requested full discovery documents . . . relating to the fraudulent transaction."[19] She claims that "[d]iscovery was finally released in January, 2018 . . . but was incomplete failing to provide dates of documents received throughout

---

[14] *Id.*
[15] *Id.*
[16] *Id.* at 10.
[17] *Id.*
[18] *Id.* at 11.
[19] *Id.* at 12.

4

case."[20] West provided the Defendants with a copy of the original deed, and in response, they "then 'fabricated' a deed between Defendant Tracy Bogans and Angela West claiming it originated at 'closing.'"[21]

In 2017, West noticed that the previous mortgage "had been removed from [her] credit report as if no other mortgage existed."[22] She "had suspected that Defendant SunTrust had been using Federal Terrorism laws to access [her] personal credit file without leaving a trace."[23] Shortly thereafter, SunTrust "purchased [her] 20 year old student loan."[24] West claims that SunTrust "immediately started accelerating interest[] payments."[25] According to West, SunTrust would not have been able to access her credit report and purchase her student loans without receiving her personal information, which she claims was provided to SunTrust by Bogans.

Ultimately, on May 22, 2018, the trial court judge issued an Order awarding judgment in mortgage foreclosure to SunTrust against Bogans' interest in the amount of $575,000.00 and against West's interest in the amount of $499,199.00. *SunTrust Mortgage Inc. v. Bogans*, Docket No. 2010-07923 (Cumberland Cty. Common Pleas). West then filed a miscellaneous petition with the Superior Court of Pennsylvania. *West-Bogans v. Bogans*, 47 MDM 2018 (Pa. Super. Ct). On July 3, 2018, the Superior Court noted that West had filed multiple notices of appeal. *Id.* West's multiple appeals are pending in the Superior Court. *See SunTrust Mortgage, Inc. v. Bogans*, Docket Nos. 1434 MDA 2018, 1570 MDA 2018, 1571 MDA 2018, 1572 MDA 2018, 1573 MDA 2018,

---

[20] *Id.*
[21] *Id.*
[22] *Id.* at 13.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 14.

1574 MDA 2018, 1575 MDA 2018, 1576 MDA 2018, 1577 MDA 2018, 1578 MDA 2018, 1579 MDA 2018, & 1580 MDA 2018 (Pa. Super. Ct.).

West asserts that she and her son have "suffered severe economic hardship and trauma as a result of" the Defendants' actions.[26] She states that they have been in counseling since 2013 "as a result of abuse, harassment and threats, [and] stress related PTSD."[27] West also asserts that she suffers from sleep deprivation, chronic fatigue syndrome, depression, cancer, grave disease, and trauma resulting from domestic violence. As the basis for federal jurisdiction, West provides a list of federal and state statutes and laws, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Truth in Lending Act ("TILA"), the Dodd-Frank Act, the Gramm-Leach-Bliley Act, 42 U.S.C. § 1985(2) & (3), Pennsylvania's Statute of Frauds, the Pennsylvania Uniform Fraudulent Transfer Act, and various crimes under Title 18. West seeks $4 million in damages.

## STANDARD OF REVIEW

Because it appears that West is incapable of paying the fees to commence this civil action, we will grant West leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires us to dismiss the amended complaints if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*

---

[26] Am. Compl. dated Oct. 30, 2018 (Am. Compl. II) at 6.
[27] *Id.*

6

v. *Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because West is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

### Claims Pursuant to Criminal Statutes

Referring to Title 18 (presumably of the United States Code), West appears to suggest that the defendants have violated various criminal statutes. Criminal statutes generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.].") Thus, any claims brought pursuant to criminal statutes will be dismissed.

### Claims Under 42 U.S.C. § 1985

West vaguely asserts that the defendants violated her rights under 42 U.S.C. § 1985(2) & (3). To state a claim under § 1985(2), a plaintiff

> must point to a federal or state proceeding with which the defendants have interfered. In the case of a state proceeding, [s]he must allege that such interference was done to "deny to any citizen the equal protection of the laws." Otherwise, a claim under § 1985(2) must fail. Additionally, the Supreme Court of the United States has interpreted the second portion of § 1985(2) to require that the conspirators' actions in furtherance of their objective have some "racial, or perhaps otherwise class-based, invidiously discriminatory animus" and be "motivated by an intent to deprive their victims of the equal protection of the laws."

*Abuomar v. Commonwealth of Pa. Dep't of Corr.*, No. 4:14-CV-01036, 2017 WL 2972825, at *3 (M.D. Pa. July 12, 2017) (citations omitted). Initially, West has not alleged facts showing that any defendant interfered with the state court proceedings. Although West appears to allege that the defendants have acted improperly during her state court

7

proceedings, she fails to allege race or class based discrimination that is required to state a claim under § 1985(2).

Additionally, "to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). Although West suggests that the defendants conspired against her, she fails to allege any race or class based discrimination. Therefore, we shall dismiss West's §§ 1985(2) and 1985(3) claims.

**RICO Claims**

As she did in her original complaint, West suggests that the defendants violated RICO. The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). Section 1962 provides, in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . (d) it shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

8

18 U.S.C. § 1962.

To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The RICO statute defines "racketeering activity" by enumerating a list of predicate acts, including mail, wire, and financial institutional fraud. *See* 18 U.S.C. § 1961(1). It appears that West is claiming that the defendants engaged in racketeering activity by preparing fraudulent documents regarding the property. However, "[w]here acts of . . . fraud constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of Rule 9(b)" of the Federal Rules of Civil Procedure. *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002). Thus, "allegations of [RICO] predicate . . . fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993). A "pattern" of racketeering activity requires at least two predicate acts of such activity. *See* 18 U.S.C. § 1961(5).

Here, West's Complaint fails to adequately plead the predicate fraud acts she relies upon to support her RICO claims. She vaguely suggests that SunTrust "acted in concern with assisting Defendant Bogans; as Bogans acted as the Broker, Buyer and Seller within the transaction never having authority from the deeded owner."[28] Although West faults the defendants for preparing fraudulent documents, she does not provide details regarding the contents of those documents as well as where and when they were created. Her conclusory allegations are insufficient to state a valid civil RICO claim. *Cf.*

---

[28] Am. Compl. I at 22.

*Jung v. Bank of Am., N.A.*, No. 3:16-CV-00704, 2016 WL 5929273, at *10 (M.D. Pa. Aug. 2, 2016), *Report and Recommendation adopted by* 2016 WL 5928805 (M.D. Pa. Oct. 11, 2016) (allegations that "unspecified Defendants utilized mail as a general means of communication" were insufficient to state a RICO claim). Accordingly, West's RICO claims will be dismissed.[29]

### Claims Under Various Federal Financial Statutes

West asserts that the defendants violated the Gramm-Leach-Bliley Act, the Dodd-Frank Act, and the Truth in Lending Act. As we previously informed West, the Gramm-Leach-Bliley Act does not provide a private cause of action. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (collecting cases). In any event, the amended complaints still fail to describe how the defendants violated each of these acts. Therefore, because West has not set forth and we cannot discern a plausible claim for relief pursuant to these provisions, all claims based on those statutes will be dismissed.

### State Law Claims

Because West's federal claims are dismissed, we decline to exercise supplemental jurisdiction over her state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[29] West's mental and emotional distress are not injuries to "business or property" for purposes of RICO. *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (observing that "[m]ental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest").

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, the amended complaint suggests that West is a citizen of Pennsylvania, as are, at least, Tracy Bogans, Thomas Baker Title Services, and Edward Kenner. Thus, West has failed to meet her burden of demonstrating federal subject matter jurisdiction over her state law claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## CONCLUSION

For the foregoing reasons, we shall dismiss the amended complaints. West's federal claims will be dismissed with prejudice. Her state law claims will be dismissed for lack of subject matter jurisdiction. The dismissal of the state law claims will be without prejudice to West's right to pursue them in state court. Because West has already been given an opportunity to amend and has not set forth a plausible claim for relief, we conclude that further attempts to amend would be futile.